Wright, J.,
delivered the opinion of the court:
This suit is brought by the widow of Leonidas Metcalf, a colonel of cavalry in the war of the rebellion,. for pay and emoluments from August 16, 1862, to August 30, 1862, under *402 the provisions of the act of Congress approved February 24, 1897 (29 Stat. L., 593), as follows:
“ That any xaerson who was duly appointed or commissioned to be an officer of the volunteer service during the war of the rebellion, and who was subject to the mustering regulations at the time applied to members of the volunteer service shall be held and considered to have been mustered into the service of the United States in the grade named in his appointment or commission from the date from which he was to take rank under and by the terms of his said appointment or commission, whether the same was actually received by him or not, and shall be entitled to pay, emoluments, and pension as if actually mustered at that date: Provided, That at the date from which he was to take rank by the terms of his said appointment or commission there was a vacancy to which he could be so appointed or commissioned, and his command had either been recruited to the minimum number required by law and the regulations of the War Department, or had been assigned to duty in the field, and that he was actually performing the duties of the grade to which he was so appointed or commissioned; or if not so performing such duties, then he shall be held and considered to have been mustered into service and to be entitled to the benefits of such muster from such time after the date of rank given in his commission as he may have actually entered upon such duties: Provided further, That any person held as a prisoner of war, or who may have been absent by reason of wounds, or in hospital by reason of disability received in the service in the line of duty, at the date of issue of his appointment or commission, if .a vacancy existed for him in the grade to which so appointed or commissioned, shall be entitled to all the benefits to which he would have been entitled under this act if he had been actually performing the duties of the grade to which he was appointed or commissioned at said date: Provided further; That this act shall be construed to apply only in those cases where the commission bears date prior to June twentieth, eighteen hundred and sixty-three, or after that date when the commands of the persons appointed or commissioned were not below the minimum number required by then existing laws and regulations: And provided further, That the pay and allowances actually received for. the period covered by the recognition extended under this act shall be deducted from the sums otherwise to be paid thereunder.
“ Sec. 2. That the heirs or legal representatives of any person whose muster into service shall be recognized and *403 established under the terms of this act shall be entitled to receive the arrears of pay and emoluments due, and the pension, if any, authorized by law for the grade to which recognition shall be so extended.
“ Sec. 3. That the pay and allowances of any rank or grade paid to and received by any military or naval officer in good faith for services actually performed by such officer in such rank- or grade during the war of the rebellion, other than as directed in the fourth proviso of the first section of this act, shall not be charged to or recovered back from such officer because of any defect in the title of such officer to the office, rank, or grade in which such services were so actually performed.
“ Sec. 4. That all acts and parts of acts inconsistent with the provisions of this act be, and the same are hereby, repealed.”
Leonidas Metcalf was commissioned colonel of the Seventh Kentucky Cavalry August 14, 1862, by the governor of that State. The regiment was not, at that date, nor does it appear that it was afterwards, recruited 'to the minimum number required by law to entitle it to an officer of the grade of colonel. It does appear from, the evidence, however, by the orders and the reports of the general officers in command of the United States military forces at that time occupying the territory of Kentucky, embracing Bichmond and Big Hill, that the Seventh Kentucky Cavalry, then commanded by Colonel Metcalf, by order of the proper commanding officers of the United States Army, did participate in a battle with Confederate forces at Big Hill, near Bichmond, Ky., August 23, 1862, in which the major of that regiment was killed, and Colonel Metcalf, together with the. lieutenant-colonel of the regiment, was captured as a prisoner of war. It is also made to appear in like manner that the regiment under command of Colonel Metcalf was engaged in military duties in the field prior to August 16, 1862, up to the time of the above-mentioned battle. Upon application to the War Department for remuster under the provisions of the statute quoted, it was decided by the Secretary -that Colonel Metcalf had not been assigned to active duty in the field, and was not therefore entitled to the benefits conferred by the-act. in' question; and upon application to the Treasury Department for pay the claim was rejected, because the War Department *404 bad reported that the officer had not been mustered into the United States service as colone] of the Seventh Kentucky Cavalry, and that the War Department declined .to amend its records.
If the rights of the officer under the statute in question depend upon the record in the War Department, whether he had been mustered into service, or whether he had been assigned to active duty in the field, he would have no cause of action in this case, and his petition should be dismissed. We do not think, however, that it was the intention of Congress, by the act in question, to confine the proof of the conditions entitling officers to the benefits of the statute to the record of the war office alone, or to the fact of an existing record of muster at a particular time, or at any time, in fact. It is required only that the conditions of the statute.should be fulfilled, namely, that if a person was duly appointed or commissioned to be an officer of the volunteer service during the war of the rebellion, who was subject to the mustering regulations at the time applied to members of the volunteer service, then such person shall.be held and considered to have been mustered into the service of the United States in the grade named in his appointment or commission, from the date front which he was to take rank under and by the terms of said appointment or commission,' whether the same was actually received by him or not, and shall be entitled to pay, emoluments, and pension as if actually mustered at that date. The law in such cases does not require actual muster, nor that any record thereof be made, but accomplishes its own purpose by declaring that the officer shall be held and considered to have been so mustered into service, subject only to the proviso, so far as applicable to this case, that he had been assigned to duty in the field, and that he was actually performing the duties of the grade to which he was. so appointed or commissioned.
That claimant’s decedent had been duly commissioned to be colonel of the regiment by the governor of Kentucky, and to fill an original vacancy, can not be disputed; that he was actually performing the duties of the grade to which he had been appointed is abundantly proved by competent evidence. *405 Tliere may be no record in the war office that he had been assigned to duty in the field, and we infer there is not from the decision made by the Secretary of War. It appears, however, by the orders and reports of the commanding general in Kentucky, under whom Colonel Metcalf served, that he participated, ■ while in .command of his regiment, in an engagement with the Confederate forces and performed other military, duties as directed. He was also taken prisoner of war. The very orders requiring these duties of him operated as an assignment to duty in the, field. Congress have not limited the proof of these facts to the existence of a record therof in the war office, but, to give effect to their intention by the act in question, have left the facts open to proof by any competent evidence that would be admissible in a court of law according to the legal rules of evidence. The 'orders and reports of the commanding generals referred to in the findings being contemporaneous with the service performed by Colonel Metcalf, belong to the res gestae, and we think are clearly admissible to prove the facts recited.
Having jurisdiction of the case, the judgment of this court, by which is recognized and established the muster into service of claimant’s decedent, as declared by section 1 of the act, is a sufficient fulfillment of section 2 to enable the plaintiff to maintain this action.
It follows from the views we have given that it is our opinion that claimant’s decedent was entitled to the benefits of the act of Congress in question, and judgment will accordingly be awarded for eighty-three dollars and eighty cents ($83.80).