Peelle, Ch. J.,
delivered the opinion of the court:
This is the suit of an officer of the civil war claiming pay as captain from the date he joined for duty and was enrolled up to and until the date of his actual muster into the service of the United States.
The act of February 24, 1897 (29 Stat. L., 593), reads:
“That any person who was duly appointed or commissioned to be an officer of the volunteer service during the war of the rebellion, and who was subject to the mustering regulations at the time ajiplied to members of the volunteer service, shall be held and considered to have been mustered into the service of the United States in the grade named in his appointment or commission from the date from which he was to take rank under and by the terms of his said appointment or commission, whether the same was actually received by him or not,.and shall be entitled to pay, emoluments, and pension as if actually mustered at that date: Provided, That at the date from which he was to take rank by the terms of his said appointment or commission there was a vacancy to which he could be so appointed or commissioned, and his command had either been recruited to the minimum number required by law and the regulations of the War Depart *53 ment, or had been assigned to duty in the field, and that he was actually performing the duties of the grade to which he was so appointed or commissioned; or if not so performing such duties, then he shall be held and considered to have been mustered into service and to be entitled to the benefits of such muster from such time after the date of rank given in his commission as he may have actually entered upon such duties: Provided further, That any person held as a prisoner of war, or who may have been absent by reason of wounds, or in hospital by reason of disability received in the service in the line of duty, at the date of issue of his appointment or commission, if a vacancy existed for him in the grade to which so appointed or commissioned, shall be entitled to all the benefits to which he would have been entitled under this act if he had been actually performing the duties of the grade to which he was appointed or commissioned at said date: Provided further, That this act shall be construed to apply only in those cases where the commission bears date prior to June twentieth, eighteen hundred and sixty-three, or after that date when the commands of the persons apj>ointed or commissioned were not below the minimum number required by then existing laws and regulations: And provided further, That the pay and allowances actually received for the period covered by the recognition extended under this act shall be deducted from the sums otherwise to be paid thereunder.”
In the construction of this statute, in the case of Brewington (39 C. Cls., 399, 404), where the Acting Secretary of War had reported that the records of the War Department showed that a legal vacancy did not exist and that the regiment had not been recruited to the minimum number entitling it to an officer of the grade of lieutenant-colonel, the court in respect-thereto said:
“We do not think, however, that it was the intention of Congress, by the act in question, to confine the proof of the conditions entitling officers to the benefits of the statute to the record of the war office alone, or to the fact of an existing record of muster at a particular time, or at any time, in fact. * * * The law in such cases does not require actual muster, nor that any record thereof be made, but accomplishes its own purpose by declaring that the officer shall be held and considered to have been so mustered into service, subject only to the proviso, so far as applicable to this case, that he had been assigned to duty in the field, and that he was actually performing the duties of the grade to which he was so ap *54 pointed or commissioned;” and, further, it was held that, though there was no record in the War Department showing the claimant’s assignment to duty in the field, still as from the orders and report of the commanding general under whose orders the claimant served it appeared that he had participated with his regiment in an engagement, such orders operated as an assignment to duty in the field.
It was further held that “Congress have not limited the proof of these facts to the existence of a record thereof in the war office, but, to give effect to their intention by the act in question, have left the facts open to proof by any competent evidence that would be admissible in a court of law according to the legal rules of evidence.” This being so, it follows that in the adjudication of such claims under said act of February 24, 1897, supra, the court may, in the absence of any record in the War Department showing the appointment, service, or command of such officer, accept in lieu thereof any competent evidence — that is to say, no one who served as an officer within the meaning of the act entitling him to the pay of the grade in which he served should be 'deprived of the benefit of the act because of the absence of any record in the War or other Departments, and in the absence of such records or of the failure of any department to furnish the same, if they exist, their omission or absence may be supplied by any other competent evidence, to the end that the act may be enforced in the interest of those for whose benefit it ivas passed.
Also in the construction of said act of 1897, supra, the Attorney-General held (23 Opins. Atty. Gen., 331, 335) that it applied “ only to officers whose commands or commissions are of a date earlier than June 20, 1863, and to cases of a later date ‘ when the commands of the persons so appointed or commissioned were not below the minimum number required by then existing laws and regulations.’ ” The Attorney-General further says, in effect, that the sole purpose of the first section of the act was to provide for a constructive muster into the service of officers in the cases named to take the place of the actual muster and to consider them as mustered in the grade named in their appointments or commissions; that the object of the section was to “make the facts stated the equivalent of a formal muster in for the purpose *55 and recognition of the benefits provided by the act.” Of course if it should appear that no legal vacancy existed at the time, an officer would not be entitled to the benefit of the act.
As to whether the command of such officer had been recruited to the minimum number or he had been assigned to duty in the field, or was actually performing the duties of the grade to which he was so appointed or commissioned, the Attorney-General said it was “not required that he should have been then performing the duties of his grade in the particular command, regimental or company, to which he was thus appointed, and that if he were at the time performing the duties of the grade in any command the requirements of the statute were satisfied.” If so, then such fact may be shown by any competent evidence, whether record or otherwise.
In the present case the evidence before the court upon which the findings are based is the report from the Auditor of the Treasury for the War Department, in which it is shown that on the roll of Company B, Twenty-third Regiment Kentucky Volunteer Infantry, December 31, 1861, the claimant appears as captain, joined for service and enrolled at general rendezvous September 12, 1861. While said roll shows the claimant a captain December 31, 1861, and that from November 11, 1861, he was paid as captain by the United States, it does not otherwise show the grade in which he was enrolled and joined for service September 12, 1861. He does not appear to have been paid in any grade from the date of said enrollment to the date he was so paid as captain, November 11.
On the trial of the case another muster roll was adduced from the War Department showing that the claimant’s decedent had been enrolled November 11 and mustered in December 8, 1861, but in our finding we have recited the facts set forth in the roll so certified by the Auditor from the Treasury Department, which is more favorable to claimant’s decedent.
In what grade, then, shall the claimant’s decedent on the date he joined for service and was enrolled be recognized?
From the recitals in the roll we are asked to presume as a matter of law’that the claimant was on September 12, 1861, *56 a captain, and as such entitled to the pay and emoluments thereof. But the court can not presume that the claimant was a captain without also presuming as a matter of fact that he was on or prior to that date, appointed or commissioned as captain. The condition of payment under the act of 1897, supra, is that the claimant was “appointed or commissioned to be an officer,” and his pay is to begin not from the date of his enrollment, but “ from the date from which he was to take rank under and by the terms of said appointment or commission.”
True, the law presumes that persons acting in a public capacity have been duly appointed and their acts as de facto officers have in the interest of the public been upheld, though invalid as to them (Ball v. United States, 140 U. S., 118, 129; McDowell v. United States, 159 ib., 596, and authorities therein cited). But here even if we were to assume that the claimant was a de facto officer, his claim alone is involved, and to entitle him to recover he must prove his case, as the compensation annexed to a public office is incident to the title to the office and not to the exercise of the functions of such office. (Pack v. United States, 41 C. Cls., 414, 429, and authorities there cited.)
The main purpose of the act of 1897, supra, is that where vacancies existed at the time in the volunteer service of the United States and persons subject to the mustering regulations were appointed or commissioned to fill the same, but for some reason had not received their appointments or commissions, they are to be considered as having been mustered into the service of the United States in the grade named in their respective appointments or commissions from the date from which they were to take rank thereunder.
An appointment or commission, therefore, is a question of fact, to be. determined by competent evidence, record or otherwise, as held in the Brewington case, supra. The court can not presume the fact of appointment or commission from the mere recitals in the roll, and then presume as matter of law that the claimant was a captain.
As we are advised, the uniform ruling of the accounting officers, under the act quoted, has been that to entitle an officer in the volunteer service during the civil Avar to pay *57 prior to actual muster he must show by his appointment or commission the date from which he was to take rank thereunder, that being the date from which, for the purposes of pay, he is to be considered to have been mustered into the service. Such appointment or commission may be shown by any evidence record or otherwise that would be competent in a court of justice.
The court does not presume to lay down any rule as to the quantum of evidence necessary to satisfy the accounting-officers in the adjustment of such claims, much less to restrict them as to the sources from which they shall procure such evidence. Manifestly the records in the War Department, if they exist, as contradistinguished from mere opinions and conclusions of the officer having the custody of such records, are the best evidence of the soldier’s status in the service; but if such records are riot complete and do not disclose the facts essential to enable the accounting officers to administer the law in the spirit in which it was intended, then they may accept from other sources such competent evidence as to them may be deemed sufficient to enable them to determine the rights of such claimants.
We must, therefore, hold, assuming the statute otherwise applicable to the claimant’s decedent, that she has failed to establish his appointment or commission as a captain. That being the only way by which to fix the date from which he was to take rank under and by the terms thereof, it follows that »he can not be considered to have been constructively mustered into the service at the date of his enrollment, and the petition is therefore dismissed.